

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| BRANDON THOMAS FADELY,<br><br>Petitioner,<br><br>vs.<br><br>JIM SALMONSEN,<br><br>Respondent. | Cause No. CV 18-138-M-DLC-JCL<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

This case comes before the Court on Petitioner Brandon Thomas Fadely's application for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1.) Fadely is a state prisoner proceeding pro se.

**I. 28 U.S.C. § 2254 Petition**

In 2014, following guilty pleas, Fadely was convicted of Sexual Intercourse without Consent and Sexual Assault in Montana's Twenty-First Judicial District, Ravalli County. Fadely claims his current custody is unlawful because the charges against him were not initiated by a grand jury, nor was he provided a preliminary hearing, in violation of the Montana Constitution and the United States

1

Constitution. (Doc. 1 at 2, 5-9.) Fadely asks this Court to dismiss this convictions and order his release from custody. *Id.* at 9.

On August 13, 2018, Fadely was directed to show cause as to why his petition should not be dismissed as time-barred and/or procedurally defaulted. (Doc. 3.) Fadely timely responded. (Doc. 6.)

As explained below, Fadely's petition should be dismissed with prejudice because he has failed to demonstrate cause to excuse his untimely filing and the default of his claims.

**II. Analysis**

In his Response to this Court's Order, Fadely acknowledges that his federal habeas petition is untimely. (Doc. 6 at 1.) He explains that the underlying criminal proceeding was extremely stressful, particularly on his wife, and that he did not wish to cause further hardship by pursuing relief from the Montana Sentence Review Division. *Id.* Because he is untrained in the law, Fadely did not realize he was able to challenge the constitutionality of his underlying criminal proceedings. *Id.* at 2. Fadely claims that when he learned in June of 2018 he was "constitutionally entitled to a preliminary hearing," he began diligently researching his claim. *Id.*

Fadely admits he did not attempt to present his constitutional claim to any of the state courts of Montana. *Id.* But he asserts that he learned that the state courts

2

have endorsed the filing of an information as a valid charging procedure, rather than requiring an indictment by grand jury or providing a preliminary hearing, he believed the state courts to be biased and that pursuit of such claim would be futile. *Id.* Due to this perceived bias, Fadely seeks review in this Court, which does not "share the same predetermination." *Id.*

### i. Timeliness of Petition

Fadely does not argue that he is actually innocent or that this Court was incorrect in calculating his federal filing date, rather, he asserts he should be entitled to equitable tolling due to adverse circumstances that prevented him from filing on time.

The Ninth Circuit permits equitable tolling of AEDPA's limitations period "only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Miles v. Prunty*, 187 F. 3d 1104, 1107 (9th Circuit 1999); see also, *Calderon v. U.S. Dist. Ct.,* 163 F. 3d 530, 541 (9th Cir. 1998)(en banc), abrogated on other grounds by *Woodford v. Garceau,* 538 U.S. 202 (2003). For equitable tolling to apply a petitioner must show (1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstances stood in his way to prevent him from timely filing a federal habeas petition. *Holland v. Florida*, 560 U.S. 631, 645 (2010). Equitable tolling is unavailable in most cases and "the threshold necessary to trigger equitable tolling is very high,

lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F. 3d 1063, 1066 (9th Cir. 2002); see also, *Waldron Ramsey v. Pacholke*, 556 F. 3d 1008, 1011 (9th Cir. 2009)(characterizing the Circuit's application of the equitable tolling doctrine as "sparing" and "a rarity."). Further, the petitioner bears the burden of showing that equitable tolling is appropriate. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

While the Court appreciates the criminal proceedings involved in Fadely's underlying convictions were undoubtedly stressful to him and to his wife, such stress is not unique to Fadely nor is it extraordinary. Certainly the majority of criminal defendants and their families endure stress and hardship attendant to a criminal prosecution and conviction.

Additionally, while Fadely may have acted diligently once he discovered what he believed to be a constitutional violation, he failed to act with diligence prior to June of 2018. Fadely explains this by his lack of legal training and lack of legal representation. But, a petitioner's pro se status, limited legal resources, ignorance of the law, or lack of representation during the applicable filing period do not constitute extraordinary circumstances justifying equitable tolling. See e.g., *Rasberry v. Garcia*, 448 F. 3d 1150, 1154 (9th Cir. 2006).

While Fadely may have acted diligently since June of this year, he has failed to meet his burden of showing diligence since February 9, 2015, the date on which

4

his conviction became final. Moreover, Fadely has not demonstrated the existence of any extraordinary circumstances that would have prevented him from timely filing a federal habeas corpus petition.

In short, Fadely has failed to meet his burden of establishing he is entitled to equitable tolling. Thus, his petition is untimely and should be dismissed with prejudice.

### ii. Procedural Default

When a habeas petitioner has not fairly presented a constitutional claim to the highest state court, and it is clear that the state court would now refuse to consider it because of the state's procedural rules, the claim is deemed to be procedurally defaulted. *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996). As set forth above, Fadely acknowledges that his claim is procedurally defaulted and that he intentionally chose not to present the claim to the state courts.

Even if a petitioner's claim is procedurally defaulted, a federal district court may still hear the merits of the claim if the petitioner meets one of two exceptions: (1) a showing of actual innocence, which means that a miscarriage of justice will occur if the constitutional claim is not heard in federal court, *Schlup v. Delo*, 513 U.S. 298, 329 (1995); or (2) a showing of adequate legal cause for the default and prejudice arising from the default, *Murray v. Carrier*, 477 U.S. 478, 488 (1986). In order to establish cause for a default, a petitioner must "show that some

5

objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). A factor is external to the petitioner if it "cannot fairly be attributed to him." *Coleman*, 501 U.S. at 753. To show "prejudice," a petitioner generally bears "the burden of showing not merely that the errors [in his proceeding] constituted a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

But Fadely has made no effort to establish cause and prejudice or a fundamental miscarriage of justice that would excuse his default. He simply explains that he believes the Montana Supreme Court to be prejudiced because they have previously held the criminal charging process utilized by the state is constitutionally sound. Thus, because of this perceived bias, Fadely elected not to present his claim to the state court and instead proceeded to this Court. But, it is not up to Fadely to decide if and when he may circumvent procedural filing requirements. Fadely has not presented grounds that would allow this Court to excuse his procedural default. Accordingly, this Court is precluded from reviewing Fadely's procedurally defaulted claim.[1]

---

[1] To the extent that Fadely believes this Court would provide a more favorable venue, he is mistaken. The Court is familiar with the argument Fadely attempts to advance and has consistently denied similar claims. See e.g., *Smith v. Frink*, CV-14-83-M-DLC, Or. at 3 (D.

### III. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

A certificate of appealability should be denied because Fadely does not make any showing that he was deprived of a constitutional right. Further, because his petition is time-barred and procedurally defaulted, reasonable jurists would find

---

Mont. May 19, 2014)(prosecution via information is entirely consistent with federal guarantees of due process); *Stewart v. Green*, CV-15-36-BU-DLC, Or. at 3 (D. Mont. Sept. 19, 2016) (pretrial procedure proper under Montana's Constitution and charging statutes; no violation of the Fifth Amendment); *Dunsmore v. State*, CV-15-95-M-DLC, Or. at 2-3 (D. Mont. Dec. 20, 2016)(claim of ineffective assistance of appellate counsel frivolous because charging cases in Montana by information rather than by grand jury has been found to be constitutional; claim that Fifth Amendment rights were violated because he was not indicted by a Grand Jury is frivolous because the Fifth Amendment has not been incorporated to the states).

no basis to encourage further proceedings. There are no close questions and there is no reason to encourage further proceedings in this Court. A certificate of appealability should be denied.

Based upon the foregoing, the Court enters the following:

### RECOMMENDATION

1. Mr. Fadely's Petition (Doc. 1) should be DISMISSED with prejudice as time-barred and procedurally defaulted.

2. The Clerk of Court should be directed to enter, by separate document, a judgment in favor of Respondent and against Petitioner.

3. A certificate of appealability should be DENIED.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Fadely may object to this Findings and Recommendation within 14 days.[2] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Fadely must immediately notify the Court of any change in his mailing address</u> by filing a "Notice of Change of Address." Failure to do so may result in

---

[2] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Fadely is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.

dismissal of this action without notice to him.

DATED this 30th day of October, 2018.

/s/ *Jeremiah C. Lynch*
Jeremiah C. Lynch
United States Magistrate Judge